**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| STEVEN HAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:07-cv-01712-RCJ-RJJ |
| vs. | ) | |
| | ) | |
| GUARDIAN LIFE INSURANCE CO. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case arises out of a denied claim for disability benefits. Plaintiff Steven E. Hake, M.D. was a participant in his employer's Long Term Disability Plan ("the Plan") issued and administered by Defendant The Guardian Life Insurance Co. ("Guardian"). Hake claims a long term disability due to a chronic sinus condition. After Guardian denied benefits under the plan, Hake filed suit against Guardian and The Radiology Specialists, Ltd. Long Term Disability Plan ("TRS") in the Clark County District Court. (*See* Compl., ECF No. 4 Ex. A). Guardian removed the case to this Court under both federal question and diversity jurisdiction. (*See* Notice of Removal 1, ECF No. 4).

**I.      FACTS AND PROCEDURAL HISTORY**

The Court granted Defendants' motion for summary judgment, finding that the proper standard of review was de novo and that Hake was not disabled under the policy. (*See* Summ. J. Order, Dec. 23, 2009, ECF No. 34). Hake has appealed that order. Guardian filed a motion for

reconsideration, asking the Court to amend the judgment to find that it should have reviewed Guardian's findings under an abuse of discretion standard. (*See* Mot., Jan. 15, 2010, ECF No. 37). Guardian based its motion on the fact that it had inadvertently failed to attach the last page of Hake's policy to the administrative record, and that page contained the discretionary language the Court lacked when it ruled on summary judgment. Before the Court ruled, Guardian filed a motion to convert its motion for reconsideration into a motion for an indicative ruling pursuant to Rule 62.1. (*See* Mot., Jan. 27, 2010, ECF No. 44). The Court denied both motions, ruling that: (1) the Rule 62.1 procedure was not necessary because the Court retained jurisdiction under Rule 59(e); and (2) in ruling on a Rule 59(e) motion, the Court would not consider "new" evidence that was in fact available to the movant when the original motion was filed. (*See* Order, Apr. 1, 2010, ECF No. 53).

## II.  ANALYSIS

Three motions are now pending before the Court. First, Massachusetts Mutual Life Insurance Co. has filed a motion to intervene for the limited purpose of filing a brief concerning Guardian's motion to reconsider. (*See* Mot., Jan 22, 2010, ECF No. 40). Because the motion to reconsider has since been ruled on, the Court denies the motion to intervene as moot.

Second, Plaintiff has filed a motion to vacate the Court's prior rulings and "start over" in light of the fact that the standard of review in this case would have been abuse of discretion, not de novo, if Guardian had filed a complete administrative record. (*See* Countermot., Feb. 16, 2010, ECF No. 50). Plaintiff desires to "start over" rather than simply have the Court grant Guardian's motion to reconsider because Plaintiff alleges he would have conducted discovery differently had he known he was facing an abuse of discretion review. The Court denies this motion. Because it was filed fifty-five days after the summary judgment order, it is untimely if considered as a Rule 59(e) motion, *see* Fed. R. Civ. P. 59(e), and now that the case is on appeal, the Court lacks jurisdiction to vacate its

judgment under Rule 60(b) unless and until Plaintiff requests and receives a limited remand from the court of appeals, *see Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007).

Third, Plaintiff requests a status conference to establish new scheduling in the case, presuming the Court grants the second motion. (*See* Mot., Feb. 16, 2010, ECF No. 51). Because the Court denies the motion to vacate, it denies this motion as moot.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Intervene (ECF No. 40) is DENIED.

IT IS FURTHER ORDERED that the Countermotion for Vacation of Prior Rulings (ECF No. 50) is DENIED.

IT IS FURTHER ORDERED that the Motion for Status Conference (ECF No. 51) is DENIED.

Dated this 21st day of September, 2010.

_____
ROBERT C. JONES
United States District Judge